Clerk's copy
FILED
AT ALBUQUERQUE NM
APR - 7 2000
ROBERT M. MARCH
CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

RONNY THEODORE GARCIA, SR.,

    Plaintiff,

v.    No. CIV-00-0048 MV/KBM

WARDEN IRMA LUCERO,
C.O. CLAUDIA RODRIGUEZ,
SUE ROMERO, CLASSIFICATION DIRECTOR,

    Defendants.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court *sua sponte* to review Plaintiff's civil rights complaint under 28 U.S.C. § 1915(e)(2) and Fed.R.Civ.P. 12(b)(6). Plaintiff is incarcerated, appearing pro se, and proceeding in forma pauperis. For the reasons below, certain of Plaintiff's claims will be dismissed.

The Court has the discretion to dismiss an in forma pauperis complaint *sua sponte* under §1915(e)(2) "at any time if the action . . . is frivolous or malicious; [or] fails to state a claim upon which relief may be granted." The Court may also dismiss a complaint *sua sponte* under Fed.R.Civ.P. 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991) (quoting *McKinney v. Oklahoma Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)). In reviewing Plaintiff's pro se complaint, the Court applies the same legal standards applicable to pleadings drafted by counsel but is mindful that the complaint must be liberally construed. *Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

The complaint alleges that Defendants intercepted a piece of mail addressed to Plaintiff and



failed to deliver it to him for twenty-three days. As a result, Plaintiff claims a state court case was dismissed because he failed to file a timely answer. Plaintiff's second claim is that Defendants have inflicted "Corporeal Punishment" on him by forcing him to incur the expense of retaining private counsel to pursue his claim. Plaintiff seeks damages and an order requiring the Corrections Department to "secure and pay" counsel to pursue his dismissed claims.

The complaint contains no allegations against Defendant Lucero affirmatively linking her to the asserted violation. *Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). To succeed on a complaint under § 1983, Plaintiff must allege some personal involvement by Defendant in the constitutional violation. *Mitchell v. Maynard*, 80 F.3d 1433, 1441 (10th Cir. 1996). A civil rights action against a state official may not be based solely on a theory of respondeat superior liability for the actions of workers supervised by the official. *Id.* Plaintiff's claims against Defendant Lucero will be dismissed.

Plaintiff's claim for an order requiring the Corrections Department to "secure and pay" counsel fails to invoke this Court's equitable jurisdiction. The order sought by Plaintiff, as equitable relief, can only be granted on a preliminary showing that an adequate remedy at law is not available. *Floyd v. United States*, 860 F.2d 999, 1003 (10th Cir. 1988). Assuming for purposes of this order that Plaintiff were to prevail on his underlying claim, he would have a remedy in damages. The claim for equitable relief will be dismissed for lack of jurisdiction.

Judgment will be entered on Plaintiff's claims in favor of Defendant Lucero. Because this party is no longer a named Defendant, dismissal of claims against her is "an ultimate disposition of an individual claim entered in the course of a multiple claims action." *Sears, Roebuck & Co. v. Mackey*, 351 U.S. 427, 436 (1956), *quoted in Wheeler Mach. Co. v. Mountain States Mineral Enter.*,

*Inc.*, 696 F.2d 787, 789 (10th Cir. 1983). The Court therefore expressly determines that there is no just reason for delay of entry of judgment on the order of dismissal, and will direct entry of final judgment in favor of Defendant Lucero on Plaintiff's claims. Fed.R.Civ.P. 54(b).

IT IS THEREFORE ORDERED that Plaintiff's claims against Defendant Lucero be DISMISSED; claims for equitable relief will be DISMISSED; and a form of judgment will be entered in accordance with this opinion;

IT IS FURTHER ORDERED that the Clerk is directed to issue summonses, with notice and waiver forms, for Defendants Rodriguez and Romero in their individual capacities.

_____
UNITED STATES DISTRICT JUDGE